UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHARTER ONE AUTO FINANCE
CORPORATION,

                    Plaintiff,

      v.

NATIONAL VEHICLE IMPORTS, LLC,
d/b/a National Vehicle Imports,

                    Defendant.

_____

<u>REPORT & RECOMMENDATION</u>

04-CV-6099CJS

## <u>PRELIMINARY STATEMENT</u>

By order dated November 18, 2004, the above-captioned matter has been referred to the undersigned for the supervision of pre-trial discovery, pursuant to 28 U.S.C. §§ 636(b)(A) and (B).  (Docket # 25).  Currently pending before this Court for a report and recommendation is defendant's motion for the Court to abstain from the further exercise of its jurisdiction.  (Docket # 30).  For the following reasons, it is the recommendation of this Court that defendant's motion be denied.

## <u>FACTUAL BACKGROUND</u>

Plaintiff, Charter One Auto Finance Corp. ("COAF"), is a Rochester, New York corporation engaged in the business of indirect automobile lending.  Defendant, National Vehicle Imports, LLC ("NVI"), is a New Jersey licensed motor vehicle dealership located in West Atlantic City, New Jersey.  On April 29, 2003, COAF and NVI signed a contract entitled "Master

Dealer and Reserve Account Agreement" (the "Agreement").  Pursuant to the Agreement, NVI agreed to offer to COAF the opportunity to purchase financing contracts NVI had entered into with customers to whom it had sold vehicles.  Upon review of the NVI contract, if COAF approved the sale, NVI would assign the contract to COAF, and the affected customer would thereafter make payments directly to COAF.  The Agreement between COAF and NVI also contained a choice of law forum clause, which stated, "[t]his agreement shall be governed by and construed according to the laws of the State of New York.  The parties further agree that the state and/or *federal courts located within the State of New York shall have jurisdiction* regarding disputes arising hereunder."  (Docket # 1, Ex. A at ¶ 20(b) (emphasis added)).

COAF alleges that between November 13, 2003 and July 26, 2004, NVI persuaded eight customers who had purchased vehicles with cash to sign blank financing contracts based upon representations that the contract was related to the purchase.  COAF further alleges that NVI fraudulently completed the blank contracts and sold them to COAF, netting approximately $298,000 for NVI.  COAF subsequently attempted to advise the eight customers of their obligations to make payments under the contracts and discovered that the customers had not financed their purchases.  (Docket # 1).

On March 11, 2004, COAF filed the pending Complaint (the "Federal Complaint") alleging five causes of action: (1) breach of contract; (2) breach of duty of good faith and fair dealing; (3) breach of warranty; (4) fraud; and (5) violation of the federal RICO[1] statute.  (Docket # 1).  Shortly thereafter, on March 16, 2004, one of the eight consumers filed an action against NVI in New Jersey Superior Court, Atlantic County, entitled *Louise Morrison v.*

---

[1] Racketeer Influenced and Corrupt Organizations Act, codified at 18 U.S.C. § 1961, *et seq.*

*NVI et. al.*, docket no. ATL-L-793-04.  The complaint in that action alleges various claims of fraud relating to the financing contract signed at the time Morrison purchased her vehicle.  The complaint further identifies COAF as an indispensable party.

In the following month, five additional New Jersey actions were commenced relating to the alleged fraud by NVI – some by consumers who purchased vehicles from NVI, others by lenders that, like COAF, were assigned financing contracts relating to those purchases – one of which names COAF as a defendant.  In several of the actions, NVI names COAF as a third party defendant and asserts breach of contract claims against it.  By Order dated October 12, 2004, the six New Jersey cases were consolidated into one action (the "New Jersey Action") in New Jersey Superior Court.  (Docket # 31).  COAF, as a defendant and third-party defendant in the New Jersey Action, has asserted various cross-claims and counterclaims.  In addition, on October 12, 2004, COAF filed a fourth-party complaint, naming as defendants NVI, certain of its officers and employees, and the eight consumers.  (Docket # 31).  The fourth-party complaint alleges the same claims as are asserted in the Federal Complaint, as well as additional state law claims.

On May 13, 2004, NVI moved to dismiss the Federal Complaint alleging, *inter alia*, lack of personal jurisdiction and improper venue.  In the alternative, NVI requested that the matter be transferred to the District of New Jersey.  (Docket # 3).  NVI's motion was denied by United States District Judge Charles J. Siragusa on September 23, 2004.[2]  In that decision, Judge Siragusa found that venue in the Western District of New York was proper under 28 U.S.C.

---

[2]  Judge Siragusa granted the motion to dismiss as to the individually-named defendants, finding that the Court lacked personal jurisdiction over them.  (Docket # 18).

§ 1391(b) based upon the Agreement's unambiguous choice of forum clause.  Judge Siragusa

further denied NVI's alternative application for a discretionary change in venue pursuant to 28

U.S.C. § 1404(a).  (Docket # 18).  In reaching his decision, Judge Siragusa considered nine

factors (the "*Hutton* factors") set forth in *Hutton v. Priddy's Auction Galleries, Inc.*, 275 F. Supp.

2d 428 (S.D.N.Y. 2003).  According to the court in *Hutton*, a transfer of venue must be analyzed

in light of: (1) the convenience of witnesses; (2) the convenience of parties; (3) the location of

relevant documents and the relative ease of access to sources of proof; (4) the locus of the

operative facts; (5) the availability of process to compel the attendance of unwilling witnesses;

(6) the relative means of the parties; (7) the comparative familiarity of each district with the

governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy

and the interests of justice.  *Id.* at 441.  (Docket # 18).

   Reviewing the *Hutton* factors, Judge Siragusa determined that NVI had failed to

establish a compelling argument for transfer of venue to New Jersey.  Specifically, he found that

with respect to the first, second and fifth factors, NVI had not demonstrated that it would be

inconvenienced by trial in the Western District of New York.  (Docket # 18 at 8).  With regard to

the third and fourth factors, Judge Siragusa found that the relevant documents were available in

this district and that the breach, if any, occurred in New York when the credit applications were

received by COAF.  (Docket # 18 at 9-10).  Judge Siragusa did not analyze the sixth *Hutton*

factor, noting that the moving papers submitted by the parties had not identified their relative

means.  The seventh factor, according to Judge Siragusa, weighed in favor of venue in this

district because federal courts sitting in New York are generally familiar with New York law,

which is applicable pursuant to the choice of forum clause in the Agreement.  (Docket # 18 at

10).  Finally, Judge Siragusa determined that the eighth and ninth factors weighed against

transfer of venue because the forum selection clause favored retention of the case in New York

and because no public policy existed that would be contravened by enforcement of that clause.

(Docket # 18 at 10).

Notwithstanding Judge Siragusa's denial of the application for change in venue,

on January 4, 2005, NVI filed the pending motion "to abstain in the exercise of further

jurisdiction."  (Docket # 30).  COAF opposes such motion, arguing that the district court's

jurisdiction over this matter has been properly established and the exercise of it should not be

declined.  (Docket # 39).


**DISCUSSION**

NVI claims that abstention is appropriate under the Supreme Court's decision in

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

Conversely, COAF asserts that consideration of the factors delineated by the Court in *Colorado*

*River* counsels against abstention in this matter.  COAF also argues that NVI has waived its right

to seek abstention and is collaterally estopped from making such motion based upon Judge

Siragusa's earlier decision denying a change in venue.  (Docket # 39).  Because, as discussed

below, I find abstention inappropriate under *Colorado River*, it is unnecessary to address

COAF's alternative arguments.  Moreover, regardless of whether Judge Siragusa's earlier

decision denying transfer of venue acts to bar NVI's current motion, the reasoning applied in that

decision is equally applicable at this time and thus serves to guide this Court in considering the

pending motion.

5

Under the abstention doctrine, a federal court may "decline to exercise jurisdiction, even though the parties satisfy all jurisdictional requirements and the dispute is justiciable."  17 James Wm. Moore et al., Moore's Federal Practice ¶ 122-1 (3d ed. 1999).  Abstention, however, "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. at 813.  Indeed, the Supreme Court has characterized the duty of a federal court to exercise jurisdiction even where there is a concurrent state proceeding as "virtually unflagging."  *Id*. at 817.  Based upon the *Colorado River* decision and its progeny, the following six factors have been identified as appropriate for consideration by a federal court in determining whether to abstain from exercising its jurisdiction: "(1) which court first assumed jurisdiction over the *res* involved in the action; (2) the relative inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order of filing for the state and federal actions; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights."  *Saatchi & Saatchi Bus. Comm. v. Just For Feet, Inc.*, 64 F. Supp. 2d 207, 209-10 (W.D.N.Y. 1999) (citing *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989)).  *Accord*, *e.g.*, *Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001); *Bethlehem Contracting Co. v. Lehrer/McGovern Inc.*, 800 F.2d 325, 327 (2d Cir. 1986)

With respect to the six factors, the Supreme Court has advised that no single factor is necessarily decisive.  The test "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983); *see De Cisneros v. Younger*, 871 F.2d at 307.  The ultimate

6

decision whether abstention is appropriate lies within the discretion of the district court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-89 (1995); *De Cisneros*, 871 F.2d at 307; *Saatchi & Saatchi Bus. Comm. v. Just For Feet, Inc.*, 64 F. Supp. 2d at 210. Mindful of the presumption against abstention, and in view of Judge Siragusa's earlier decision, this Court will now address the six factors set forth in *Colorado River*.

1. **Exercise of Jurisdiction Over a *Res*:** In this matter, there is no *res* or property. Thus, as conceded by both NVI (Docket # 31 at 9) and COAF (Docket # 39 at 10), this factor weighs against abstention. *See De Cisneros*, 871 F.2d at 307; *Saatchi & Saatchi*, 64 F. Supp. 2d at 210. *See also General Star Int'l Indem. Ltd. v. Chase Manhattan Bank*, 2002 WL 850012, *6 (S.D.N.Y. 2002) ("Given that the purpose of the test is to ascertain whether 'exceptional circumstances' exist to justify the surrender of federal jurisdiction, the facial neutrality of one factor is a basis for retaining federal jurisdiction, not for yielding it"); *De Cisneros*, 871 F.2d at 307 (factors not implicated weigh against abstention).

2. **Relative Inconvenience of Federal Forum:** Analysis of the relative inconvenience of the federal forum requires consideration of the following: (1) the place where the operative events occurred; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the cost of obtaining witnesses' presence; (6) the familiarity with governing law; (7) trial efficiency; and (8) the interest of justice." *Saatchi & Saatchi*, 64 F. Supp. 2d at 210 (citing *AMNEX, Inc. v. Rowland*, 25 F. Supp. 2d 238, 244 (S.D.N.Y. 1998)).

Consideration of this factor is substantially aided by Judge Siragusa's prior decision. In denying NVI's motion to transfer venue, Judge Siragusa found unpersuasive the

argument that NVI would be inconvenienced by having to defend this action in New York merely because it, and the majority of the relevant witnesses, are residents of New Jersey.  Specifically, Judge Siragusa found that NVI had failed to present evidence to suggest that its witnesses would be unavailable or unwilling to participate in a trial in New York.  Moreover, he held that in light of the geographic proximity of New York to New Jersey and the easy availability of transportation between the two states, any inconvenience would be slight at best.  (Docket # 18 at 8-9).

Finding the above conclusion reasonable, and having been presented with no countervailing considerations,[3] I find that NVI has not demonstrated that federal jurisdiction in New York will impose more than a minimal inconvenience.  This factor therefore also weighs against abstention.

3.  **Avoidance of Piecemeal Litigation:**  The desire to avoid piecemeal litigation is generally considered one of the most important factors in deciding whether abstention is appropriate.  *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. at 16; *see also De Cisneros*, 871 F.2d at 308 ("Because the state and federal issues are 'inextricably linked,' the risk of [piecemeal] adjudication is real . . . and the district court properly abstained from allowing litigation to proceed in installments"); *Saatchi & Saatchi*, 64 F. Supp. 2d at 211 (citing *AMNEX, Inc. v. Rowland*, 25 F. Supp. 2d 238, 245 (S.D.N.Y. 1998)).  The concern underlying this factor

---

[3] In support of its motion, NVI has submitted an affidavit from one of the consumers, Louise Morrison, stating that it would be burdensome and inconvenient to travel to the Western District of New York for deposition and trial.  (Docket # 41, ¶ 6).  Ms. Morrison lives in New Jersey, and notably she did not assert that she would refuse to travel to Rochester to testify.  Second, it is unlikely that any deposition of her would occur in Rochester, rather than in her hometown.  *See Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997) ("[t]here is a general presumption that a non-resident's deposition will be held where he or she resides or works") (citations omitted).  On these facts, I agree with Judge Siragusa that the inconvenience of having to travel to New York from a neighboring state to offer trial testimony would be insubstantial.

is the potential that piecemeal litigation creates for "inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Woodford v. Community Action Agency of Greene County, Inc.*, 239 F.3d at 524. Where such potential exists, abstention may be appropriate, especially if it furthers the goal of "wise judicial administration," *Colorado River*, 424 U.S. at 817, that is, the conservation of judicial resources. *See De Cisneros*, 871 F.2d at 308 ("the value of judicial economy . . . animates *Colorado River*"). In *De Cisneros*, for example, the Second Circuit affirmed the district court's decision to abstain, noting that a judgment in the more comprehensive state action could be given preclusive effect in the federal action, but that the converse was not necessarily true. 871 F.2d at 308. Specifically, the court found that if the plaintiff prevailed in the federal action, that judgment could be used preclusively in the state action, but that if the defendant prevailed, it could not be used preclusively because other plaintiffs in the state action were not parties in the federal action. *Id.*

Like the actions in *De Cisneros*, the state and federal actions in this case are "inextricably linked." In the New Jersey Action, COAF has filed a fourth party complaint against NVI and other defendants asserting the very same claims as are asserted in the Federal Action against NVI, as well as additional state claims. Even were COAF to withdraw that complaint as they have offered, the potential for inconsistent results, while diminished, would not necessarily disappear. *Cf. Woodford*, 239 F.3d at 524 ("as a procedural matter, abstention was not needed in order to avoid duplicative proceedings because each plaintiff offered to 'stay or even withdraw' her overlapping state-court claims [], acknowledging the *res judicata* effect that would result from adjudication of the present claims"). In this case, COAF has also been named as a defendant and a third-party defendant in the consolidated New Jersey Action and, in those

9

capacities, has asserted counterclaims and cross-claims against NVI, certain of its officers and

employees and various consumers.  Some of those claims include claims for breach of the

Agreement between NVI and COAF; resolution of those claims may well depend on whether

NVI did or did not defraud the consumers in obtaining their signatures on the financing

documents.

> This case differs from *De Cisneros* in one significant respect, however.  Unlike

*De Cisneros*, both parties in the Federal Action bear similar risks relating to preclusion.  *See*

*De Cisneros*, 871 F.2d at 308 (plaintiff "[c]ould prove [defendant's] liability in federal court –

and then be able to use the judgment preclusively in state court – but . . . the inverse would not be

true"); *see also Woodford*, 239 F.3d at 524 ( "[t]he classic example arises where all of the

potentially liable defendants are parties in one lawsuit, but in another lawsuit, one defendant

seeks a declaration of nonliability and the other potentially liable defendants are not parties");

*General Star Int'l Indem. Ltd. v. Chase Manhattan Bank*, 2002 WL 850012 at *7 ("[i]f Chase

lost in federal court, AXA and Gen Star could use that judgment preclusively in state court;

however, if Chase succeeded, the state defendants . . . would not be barred by the decision of this

Court because they would not have been parties to the litigation").  Take, for example, the second

of the New Jersey lawsuits, *Steven Frei v. NVI, et al.*, docket no. ATL-L-880-04.  In that case, the

consumers have sued NVI, COAF, other financing companies and certain NVI officers and

employees.  NVI, in turn, has asserted cross-claims against COAF and the other financing

companies; COAF has also asserted cross-claims against NVI and the named officers and

employees.  The existence of the many claims and cross-claims between and among the many

parties renders it unlikely that either COAF or NVI would be successful in seeking to apply any

favorable judgment in this action preclusively in the New Jersey Action.  Should NVI prevail against COAF in the Federal Action, that judgment likely would not have preclusive effect in the New Jersey Action because the customers (who have sued NVI in the New Jersey Action) were not parties to the Federal Action and did not have a full opportunity to litigate in that forum.  Likewise, should COAF prevail against NVI in the Federal Action, that judgment may not have preclusive effect in the New Jersey Action because the officers and employees of NVI (who are also named defendants in the New Jersey Action) are not parties in this action.

The procedural history of this case also leads me to conclude that the third *Colorado River* factor, while it weighs in favor of abstention, does not do so strongly.  Here, the first of the New Jersey lawsuits was filed days after COAF filed suit here.  The next three actions, which included the lawsuit referenced in the preceding paragraph by four customers against NVI, COAF, other financing companies and certain NVI officers and employees, were filed over the course of the next month.  Notwithstanding NVI's knowledge of and participation in these actions, it failed to move for abstention in this action; rather, it moved not only for dismissal, but in the alternative for a change of venue to the District of New Jersey.  Indeed, in the transfer motion, NVI curiously argued that considering the pendency of the four New Jersey actions, "[t]ransferring this action to the District of New Jersey would serve the best interests of judicial economy and serve to expedite all of these actions, and avoid the potential for inconsistent judgments."  (Docket # 32, Ex. A at ¶ 9).

Indeed, it was not until eight months later – after the district court had denied its transfer motion, after the court had issued a scheduling order for discovery and after *COAF had filed its pending summary judgment motion* – that NVI chose to move for abstention.  Any claim

by NVI that it seeks to conserve judicial resources, and thus further one of the animating policies

behind abstention, is belied by its own conduct in defending this lawsuit.  Under these

circumstances, this third factor, while it weighs in favor of abstention, does not do so nearly as

heavily as in other cases in which abstention has been determined to be appropriate.

**4.  Order of Filing:**  The fourth factor under *Colorado River* considers the order

in which the two actions were filed.  *See De Cisneros*, 871 F.2d at 308.  In this matter, the

Federal Complaint was filed on March 11, 2004, and the initial New Jersey Action was filed five

days later, on March 16, 2004.  It is not enough, however, to consider only the chronological

order of the filings.  Rather, the court must consider the relative progress of the two proceedings.

*See Id.* (citing *Moses H. Cone*, 460 U.S. at 21; *Bethlehem Contracting Co. v. Lehrer/McGovern

Inc.*, 800 F.2d at 328; *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205,

211 (2d Cir. 1985)).

The parties here dispute which of the actions has progressed further to date.

Notwithstanding this dispute, as of the time of oral argument, both cases were in the discovery

phase.  Although it is unclear what has happened in the New Jersey Action since then, a

dispositive motion has been filed by COAF in the Federal Action.  I find that this factor thus does

not weigh in favor of abstention.

**5.  Law Providing Rule of Decision:**  As has already been decided by Judge

Siragusa, the law applicable to the majority of the claims is that of New York State by virtue of

the Agreement's law selection clause.  (Docket # 18 at 10).  Although New Jersey state courts are

clearly capable of applying New York law, a district court sitting in New York is likely to have

had significant experience with the application of New York law.  In addition, the fact that one of

the claims, the RICO claim, is based on federal law also weighs against abstention.

      **6.  Protection of Federal Plaintiff's Rights:**  The final factor considers the rights

of federal plaintiffs.  Evidence that a federal plaintiff's rights may not be protected in state court

weighs heavily in favor of exercising federal jurisdiction.  *De Cisneros*, 871 F.2d at 309; *Saatchi*

*& Saatchi*, 64 F. Supp. 2d at 211.  This Court has not been presented with any evidence to

suggest that the New Jersey courts are unable to protect the parties' federal rights.  While this

factor thus does not militate against abstention, neither does it counsel in favor of it.  *See*

*De Cisneros*, 871 F.2d at 309; *Saatchi & Saatchi*, 64 F. Supp. 2d at 211-12.

      **7.  Balancing of the Factors:**  Based upon a careful balancing of the *Colorado*

*River* factors, illuminated by Judge Siragusa's prior decision to deny defendant's transfer motion,

I find that abstention would be inappropriate in this matter, provided COAF withdraws its fourth-

party complaint in the New Jersey Action.  As already stated, abstention is warranted only in

"exceptional circumstances," *Moses H. Cone*, 460 U.S. at 19, and "[o]nly the clearest of

justifications will warrant dismissal."  *Colorado River*, 424 U.S. at 819.  On the record before

me, NVI has failed to demonstrate that this case falls within the narrow class of cases in which

abstention is warranted.

**CONCLUSION**

      For the foregoing reasons, it is my recommendation that defendant's motion for

the court to abstain from the further exercise of its jurisdiction **(Docket # 30)** be **DENIED**,

provided that plaintiff withdraws its fourth-party complaint.  I further recommend that the district

court, should it adopt this recommendation, afford plaintiff **14 days** from the date of its decision

within which to do so.

                                     *s/Marian W. Payson*
                                      MARIAN W. PAYSON
                               United States Magistrate Judge

Dated: Rochester, New York
        September   16  , 2004.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                _s/Marian W. Payson_____
                                                        MARIAN W. PAYSON
                                                   United States Magistrate Judge

Dated: Rochester, New York
           September __16___, 2004.